UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                              Chapter 7 Case

Kevin A. Dahl,                                      Bky. No. 09-32106-GFK

        Debtor.

**NOTICE OF HEARING, VERIFIED MOTION FOR TURNOVER
TO THE TRUSTEE OF PROPERTY OF THE ESTATE AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION**

TO:  The debtor and other parties in interest specified in Local Rule 9013-3:

    1.  Nauni Jo Manty, trustee of the bankruptcy estate of the debtor, moves the court for the relief requested below and gives notice of hearing.

    2.  The court will hold a hearing on this motion on 9:30 a.m., on March 9, 2010, in Courtroom Number 2A, 238 Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

    3.  Any response to this motion must be filed and served not later than March 4, 2010, which is five days prior to the time set for the hearing (including Saturdays, Sundays and holidays). **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

    4.  This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Fed. R. Bankr. P. 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The petition commencing this case was filed on March 31, 2009.  This case is now pending in this court.

    5.  This motion arises under 11 U.S.C. §§ 541(a), 542(a), 543(a) and 543(b).  This motion is filed under Fed. R. Bankr. P. 9014 and Local Rules 9013-1, 9013-2, 9013-3 and 9013-5.  The

trustee requests relief with respect to turnover of all distributions of the debtor's interest and documents, including formation documents and tax returns pertaining to the debtor's 40% interest in Mountain House Group, LLC and MHD-Aspen, LLC.

## MOTION FOR TURNOVER

6. The 341 meeting of creditors was held on July 7, 2009. The trustee has requested turnover by letter. <u>See</u> copy of the January 12, 2010 letter, attached hereto as <u>Exhibit A</u>. The trustee has received no response. In order to fully administer the estate, the trustee must obtain the requested documents and distributions.

## MEMORANDUM OF LAW

The law pertinent to this motion is found in 11 U.S.C. §§ 541(a), 542(a), 543(a) and 543(b). 11 U.S.C. §541(a) provides that:

> The commencement of a case under § 301, 302 or 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of this case.

11 U.S.C. §542(a) provides that:

(a) Except as provided in subsections (c) or (d) of this section, an entity other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under Section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 543(a) provides that:

(a) A custodian with knowledge of the commencement of a case under this title concerning the debtor may not make any disbursement from, or take any action in the administration of, property of the debtor, proceeds, product, offspring, rents, or profits of such property, or property of the estate, in the possession, custody, or

control of such custodian, except such action as is necessary to preserve such property.

11 U.S.C. § 543(b) provides that:

(b) A custodian shall –
   (1) deliver to the trustee any property of the debtor held by or transferred to such custodian or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and
   (2) file an accounting of any property of the debtor, or proceeds, product, offspring, rents, or profits of such property, that, at any time, came into possession, custody, or control of such custodian.

The trustee requests that the court order Mountain House Group, LLC and MHD-Aspen, LLC to turn over all information concerning the debtor's interest in Mountain House Group, LLC and MHD-Aspen, LLC, including formation documents and tax returns, and debtor's disbursements, including, development fees, management fees, and sales and marketing fees related to the debtor's interest in Mountain House Group, LLC and MHD-Aspen, LLC.

**WHEREFORE**, the trustee requests that this court, issue an order that Mountain House Group, LLC and MHD-Aspen, LLC to turn over all information concerning the debtor's interest in Mountain House Group, LLC and MHD-Aspen, LLC, including formation documents and tax returns, and debtor's disbursements, including, development fees, management fees, and sales and marketing fees related to the debtor's interest in Mountain House Group, LLC and MHD-Aspen, LLC.

Dated: February 4, 2010       */e/ Nauni Jo Manty*
                                                      Nauni J. Manty, trustee
                                                    510 First Ave N, Suite 305
                                                    Minneapolis, MN  55403
                                                     612-465-0990


**Nauni Jo Manty**
(612) 340-7950
nauni@mantylaw.com

January 12, 2010

VIA FACSIMILE 970-547-4057

MHD-Aspen, LLC
c/o Valdoro Aspen, LLC
Attn: Mr. Michael Schilling
500 Village Road
Breckenridge, CO 80424

VIA FACSIMILE 952-449-5101

Mountain House Group, LLC
c/o Converg Holdings, Inc.
Attn: Mr. Lee Tuchfarber
601 Carlson Parkway, Suite 1050
Minneapolis, MN 55305

VIA FACSIMILE 970-547-4057

Mountain House Partners, LLC
c/o Valdoro Development
Attn: Mr. Michael Schilling
500 Village Road
Breckrenridge, CO 80424

Re: Kevin A. Dahl, BKY 09-32106

Dear Sirs:

Kevin A. Dahl filed Chapter 7 Bankruptcy on March 31, 2009. I have been appointed as Chapter 7 Trustee to oversee the administration of the assets of the bankruptcy estate. A copy of my appointment and approval of bond is enclosed.

I have obtained information that Kevin Dahl owns a 40% interest in Mountain House Group, LLC ("MHG"). The Debtor's 40% interest is property of the bankruptcy estate for the Trustee to administer. This letter is to notify you that the bankruptcy estate has an interest in the Debtor's disbursements, including, but not limited to, development fees, management fees, and sales and marketing fees. By virtue of the bankruptcy filing, the Trustee steps into the shoes of the Debtor.

Please send any and all distributions of the Debtor's interest in MHG to Nauni Manty, Chapter 7 Trustee to 510 First Ave N, Suite 305, Minneapolis, MN 55403. In addition, please send copies of all documents, including formation documents, for MHG as well as MHD-Aspen, LLC, 2008 tax returns and when available, 2009 tax returns.

EXHIBIT A
Phone: 612-465-0990   Fax: 612-746-0310
510 First Avenue North, Suite 305   Minneapolis, MN 55403

MANTY & ASSOCIATES, P.A.
MHD-ASPEN, LLC
MOUNTAIN HOUSE GROUP, LLC
MOUNTAIN HOUSE PARTNERS, LLC
PAGE 2

As Trustee of the estate I would entertain offers to sell the Debtor's 40% interest. Interested parties may contact me at 612-340-7950. In addition if you have any questions, please feel free to contact me.

Very truly yours,

MANTY & ASSOCIATES, P.A.

By _____
Nauni Jo Manty

UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF UNITED STATES TRUSTEE
REGION 12

IN RE:

KEVIN A. DAHL
asf DAHL FINANCIAL & CONSULTING
  SERVICES, LLC
d/b/a  DAHL SENIOR HOUSING ASSOC

        UNITED STATES BANKRUPTCY COURT
        DISTRICT OF MINNESOTA
        CASE NO. 09-32106
        Chapter 7

APPOINTMENT OF TRUSTEE AND APPROVAL OF BOND

The following person is hereby appointed trustee in the above referenced case and said trustee's bond is fixed under the blanket bond heretofore approved.

        Nauni J. Manty
        33 South 6th St., #4100
        Minneapolis, MN 55402

If the trustee rejects this appointment, the trustee must notify the United States Bankruptcy Court and the United States Trustee within five (5) days of receipt hereof.  Otherwise, the trustee will be deemed to have accepted the appointment as of the date hereof.

        Habbo G. Fokkena
        U.S. Trustee, Region 12

        /e/ Robert B. Raschke

      by:  Robert B. Raschke
          Asst. U.S. Trustee

Dated:  June 5, 2009
--------------------------------------------------------------------------------------------------------------------

REJECTION

I, Nauni J. Manty, hereby reject appointment as interim trustee in the above referenced case and certify that I filed the original hereof with the United States Bankruptcy Court and a copy hereof with the United States Trustee.

        _____
        Nauni J. Manty

Dated:_____

## **VERIFICATION**

I, Nauni Jo Manty, trustee and movant named in the motion, declare under penalty of perjury that the facts contained in the motion are true and correct to the best of my knowledge, information and belief.

Dated: February 4, 2010    */e/ Nauni Jo Manty*
                              Nauni Jo Manty, trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:                                                    Chapter 7 Case

Kevin A. Dahl,                                Bky. No. 09-32106-GFK

                     Debtor.

_____

## UNSWORN CERTIFICATE OF SERVICE

        I, Nancy L. Jaeckels, declare under penalty of perjury that on February 4, 2010, I served copies of the attached ***Notice of Hearing, Verified Motion for Turnover to the Trustee of Property of the Estate and Memorandum of Law in Support of Motion*** to the following:

| | |
|---|---|
| Kevin A. Dahl<br>18698 Kanabec Court<br>Lakeville, MN  55044 | U.S. Trustee Office<br>1015 U.S. Courthouse<br>300 South Fourth St.<br>Minneapolis, MN  55415 |
| Mountain House Group, LLC<br>c/o Converg Holdings, Inc.<br>Attn:  Mr. Lee Tuchfarber<br>601 Carlson Parkway, Suite 1050<br>Minneapolis, MN  55305 | MHD-Aspen, LLC<br>Mountain House Partners, LLC<br>c/o Valdoro Aspen, LLC and Valdoro Development<br>Attn:  Mr. Michael Schilling<br>500 Village Road<br>Breckenridge, CO  80424 |

Executed on:  February 4, 2010            Signed: */e/ Nancy L. Jaeckels*
                                                            Nancy L. Jaeckels
                                                            Manty & Associates. P.A.
                                                            510 First Ave N, Suite 305
                                                            Minneapolis, MN  55403

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:	Chapter 7 Case

Kevin A. Dahl,	Bky. No. 09-32106-GFK

    Debtor.	**ORDER**

   This case came before the court on the motion of the trustee seeking turn over of all information related to the debtor's interest in Mountain House Group, LLC and MHD-Aspen, LLC, including formation documents and tax returns, and turnover of debtor's disbursements, including, development fees, management fees, and sales and marketing fees related to the debtor's interest in Mountain House Group, LLC and MHD-Aspen, LLC.

   It is ordered:

   1. The trustee's motion for turnover of all information related to the debtor's interest in Mountain House Group, LLC and MHD-Aspen, LLC, including formation documents and tax returns, and turnover of debtor's disbursements, including, development fees, management fees, and sales and marketing fees related to the debtor's interest in Mountain House Group, LLC and MHD-Aspen, LLC. is granted.

   2. Mountain House Group, LLC and MHD-Aspen, LLC shall turn over all information related to the debtor's interest in Mountain House Group, LLC and MHD-Aspen, LLC, including formation documents and tax returns within five days of entry of this order.

   3. Mountain House Group, LLC and MHD-Aspen, LLC shall turn over any disbursements, including, development fees, management fees, and sales and marketing fees related to

the debtor's interest in Mountain House Group, LLC and MHD-Aspen, LLC within five days of the entry of this order.

Dated:

_____
Gregory F. Kishel
United States Bankruptcy Judge